IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ER ADDISON, LLC, et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | Civil Action No. 3:24-CV-1816-D |
| § | |
| AETNA HEALTH INC., et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this ERISA[1] action by plaintiffs ER Addison, LLC, ER Hulen, LLC, ER Coit LLC, and ERNearMe Plano, LLC (collectively, "ER") against defendants Aetna Health, Inc., Aetna Health Management, LLC, and AETNA Life Insurance Company (collectively, "Aetna"), Aetna moves to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, Rule 12(b)(2) for lack of personal jurisdiction, and Rule 12(b)(6) for failure to state a claim on which relief can be granted.  For the reasons that follow, the court grants the Rule 12(b)(1) motion as to ER's federal-law claim, declines to exercise supplemental jurisdiction over ER's pendent state-law claims, and dismisses this action without prejudice by judgment filed today.

---

[1] Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461.

I

This lawsuit arises from Aetna's alleged underpayment for emergency healthcare services that ER provided to Aetna's insureds. ER operates several freestanding emergency centers ("FECs") in North Texas. FECs provide the emergency services of a hospital emergency department, but at a higher standard of care because they are not "owned by, or physically attached to, a hospital" and therefore are "unencumbered by the typical . . . challenges burdening hospital-based emergency departments." Am. Compl. (ECF No. 22) at ¶ 15. "Aetna is one of the largest health insurers in . . . Texas." *Id.* ¶ 11.

ER's FECs "operate as out-of-network providers." *Id.* ¶ 23. Healthcare providers are either "in-network" or "out-of-network." In-network providers contract with insurers to provide services to their insureds "at pre-negotiated, discounted rates." *Id.* ¶ 20. By contrast, out-of-network providers provide services at rates they set. As out-of-network providers, ER's FECs are "reliant on the revenues derived from health insurance companies to run their emergency businesses effectively." *Id.* ¶ 23. This is so because, "[u]nlike emergency departments attached to hospitals, FECs cannot offset lower reimbursement rates by admitting patients to the affiliated hospital or providing other supplemental treatment." *Id.* Despite ER's out-of-network status, "Aetna has consistently discounted its payments to [ER] for emergency services" that ER has provided to Aetna's insureds. *Id.* ¶ 25.

In July 2024 ER filed this lawsuit against Aetna seeking payment in full for the services ER rendered to Aetna's insureds. ER's operative amended complaint asserts a federal-law claim under ERISA and supplemental state-law claims for breach of contract,

negligent misrepresentation, and unjust enrichment. Aetna now moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, Rule 12(b)(2) for lack of personal jurisdiction, and Rule 12(b)(6) for failure to state a claim on which relief can be granted. ER opposes the motion, which the court is deciding on the briefs, without oral argument.

II

The court begins, as it must, by determining whether it has subject matter jurisdiction.[2]

A

Aetna challenges ER's standing as a healthcare provider to sue under ERISA, which in the Fifth Circuit is a challenge to the court's subject matter jurisdiction under Rule 12(b)(1). *See MedARC, LLC v. Meritain Health, Inc.*, 2021 WL 5762810, at *6 n.8 (N.D. Tex. Nov. 12, 2021) (Ramirez, J.) (collecting cases), *rec. adopted*, 2021 WL 5760571 (N.D. Tex. Dec. 3, 2021) (Godbey, J.). When, as here, the party challenging the court's subject matter jurisdiction submits evidence with its Rule 12(b)(1) motion, the attack is "factual." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). On a factual attack, the court is not bound to accept the allegations of the amended complaint as true, but considers evidence outside of the pleadings and "decide[s] for itself the factual issues which determine jurisdiction." *Id.* Thus on a factual attack, the party asserting jurisdiction is "required to submit facts through some evidentiary method and has the burden of proving by a

---

[2]*See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.").

preponderance of the evidence that the trial court does have subject matter jurisdiction." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).[3]

B

Aetna contends that ER lacks derivative standing to assert the claims of Aetna's insureds. "It is well established that a healthcare provider, though not a statutorily designated ERISA beneficiary, may obtain standing to sue derivatively to enforce an ERISA plan beneficiary's claim." *Harris Methodist Fort Worth v. Sales Support Servs.*, 426 F.3d 330, 333-34 (5th Cir. 2005). To establish standing to "bring [an] ERISA suit[] standing in the shoes of [its] patients," *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015), a healthcare provider must demonstrate that it "obtain[ed] an assignment of benefits from [its patients]," and that its patients would have Article III constitutional standing "had [the patients] brought the claim [themselves]," *Guardian Flight, L.L.C. v. Health Care Serv. Corp.*, 2025 WL 1661358, at *4 (5th Cir. June 12, 2025).

C

ER has not met its burden to prove by a preponderance of the evidence that it has derivative standing to assert the claims of Aetna's insureds.

---

[3]The parties' briefing incorrectly assumes that the court cannot consider the evidence attached to Aetna's motion to dismiss without treating the motion as one for summary judgment unless the evidence is central to ER's claim and referenced by the amended complaint. That rule, however, applies to "a motion under Rule 12(b)(6) or 12(c)." Rule 12(d). On a motion under Rule 12(b)(1), the court's power is broader. *See Williamson*, 645 F.2d at 413 ("It is elementary that a district court has broader power to decide its own right to hear the case than it has when the merits of the case are reached.").

Given ER's erroneous assumption that on a Rule 12(b)(1) motion to dismiss the court evaluates only the pleadings, *see supra* note 3, the only support for the premise that ER obtained an assignment of benefits from Aetna's insureds is in the form of allegations to this effect (which the court does not accept as true when deciding a factual challenge to its subject matter jurisdiction) and an unsigned sample assignment form attached to the amended complaint. These allegations and document do not establish by a preponderance of the evidence that Aetna's insureds assigned their benefits to ER.

D

Moreover, even if the court were to assume *arguendo* that Aetna's insureds assigned their benefits to ER, the evidence shows that such supposed assignments were rendered invalid by the ERISA plans' unambiguous anti-assignment provisions. *See Dialysis Newco, Inc. v. Cmty. Health Sys. Grp. Health Plan*, 938 F.3d 246, 251 (5th Cir. 2019) ("[W]hen an ERISA plan contains a valid anti-assignment provision, a putative assignment to a healthcare provider is invalid and cannot bestow the provider with standing to sue under the plan."). ER does not appear to dispute that the plans contain unambiguous anti-assignment provisions. ER maintains, however, that Aetna is estopped to rely on the anti-assignment provisions, and, in the alternative, that the anti-assignment provisions are unenforceable as a matter of Texas law. Both arguments are unavailing.

ER has adduced no evidence in support of its estoppel argument. *See Mello v. Sara Lee Corp.*, 431 F.3d 440, 444-45 (5th Cir. 2005) ("To establish an ERISA-estoppel claim, the plaintiff must establish: (1) a material misrepresentation; (2) reasonable and detrimental

reliance upon the representation; and (3) extraordinary circumstances."); *see also Angelina Emergency Med. Assocs. P.A. v. Health Care Serv. Corp.*, 2024 WL 102666, at *9-10 (N.D. Tex. Jan. 9, 2024) (Starr, J.) (applying *Mello* framework to estoppel argument regarding reliance on anti-assignment provisions). And the Texas law on which ER relies—Tex. Ins. Code Ann. § 1204.053 (West 2005)[4]— is preempted by ERISA. *See Methodist Healthcare Sys. of San Antonio, Ltd., L.L.P. v. Blue Shield of California, Inc, Keenan*, 2025 WL 967557, at *6 (W.D. Tex. Mar. 3, 2025), *rec. adopted*, 2025 WL 971755 (W.D. Tex. Mar. 25, 2025); *see also Dialysis Newco, Inc. v. Cmty. Health Sys. Grp. Health Plan*, 938 F.3d 246, 260 (5th Cir. 2019) (holding that ERISA preempted similar Tennessee law); *id.* at 260 n.12 (citing § 1204.053(a) as comparable to preempted Tennessee law).

Accordingly, ER's ERISA claim is dismissed without prejudice for lack of subject matter jurisdiction.

### III

The court now considers whether it should exercise supplemental jurisdiction over ER's pendent state-law claims given that it is dismissing its federal-law claim. Although the court can exercise supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367(a), in this circuit "[t]he general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated

---

[4]Section 1204.053(a) states: "An insurer may not deliver, renew, or issue for delivery in this state a health insurance policy that prohibits or restricts a covered person from making a written assignment of benefits to a physician or other health care provider who provides health care services to the person."

before trial[.]" *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009).  The court in its discretion declines to exercise supplemental jurisdiction over ER's state-law claims and dismisses them without prejudice.

\* \* \*

For the reasons explained, the court dismisses this action without prejudice by judgment filed today.

**SO ORDERED**.

July 3, 2025.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE